IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| RODNEY ALLEN MITCHELL,    ) | |
|     Petitioner,    ) | |
|                     ) | |
| v.                         ) | CIVIL ACTION NO. 1:07-0589 |
|                     ) | |
| TERESA WAID, Warden,       ) | |
| Huttonsville Correctional Center,    ) | |
|     Respondent.    ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 20, 2007, Petitioner, an inmate at Huttonsville Correctional Center [HCC],[1] and acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[2] (Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

1. Police officers violated his Fourth Amendment rights by using an informant and electronic surveillance to record matters occurring in his home;
2. Defective indictment;
3. Ineffective assistance of counsel;
4. Breach of plea agreement;
5. State knowingly used perjured testimony;
6. Inconsistent transcript testimony;
7. Prejudicial statement by Prosecutor;
8. Involuntary guilty plea;
9. Insufficient evidence to support a conviction;
10. Prejudicial statements made by Honorable Judge Frazier;
11. Information contained in the Pre-Sentence Report was erroneous;
12. Irregularities in arrest of Petitioner;
13. Coerced confession;
14. Illegal detention prior to arraignment;

---

[1] On December 12, 2007, the Court received a letter from Petitioner advising the Court of his release from custody and new address: Route 4, Box 560, Princeton, West Virginia 24740. (Document No. 5.) The West Virginia Division of Corrections' website, however, indicates that Petitioner is currently incarcerated at the Huttonsville Correctional Center.

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

    15.    Irregularities in arraignment;
    16.    Acquittal of co-defendant on same charges;
    17.    Petitioner was absent from part of proceedings;
    18.    Question of actual guilt upon acceptance of guilty plea;
    19.    Excessive sentence; and
    20.    Failure of counsel to seek departing and downward sentencing.

(Document No. 1, pp. 6 - 36.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## PROCEDURE AND FACTS

On February 11, 2004, the Grand Jury of Mercer County, West Virginia, returned a Three Count Indictment against Petitioner, charging him with one count of Delivery of a Schedule II Controlled Substance, one count of Attempt to Commit a Felony, to-wit: First Degree Murder, and one count of Conspiracy. (Document No. 1, p. 28.) On June 14, 2004, Petitioner pled guilty to Attempt to Commit a Felony, to-wit: First Degree Murder.[3] By Order entered on September 22, 2004, Petitioner was sentenced to an indeterminate term of not less than three (3) nor more than fifteen (15) years in the state penitentiary. Petitioner did not file a direct appeal of his conviction or sentence to the West Virginia Supreme Court of Appeals.[4]

On August 16, 2006, Petitioner, proceeding *pro se*, filed a Petition for Writ of *Habeas Corpus*

---

[3] Attached is a facsimile copy of the docket sheets involving *State v. Mitchell*, Case No. 00-F-71 (Cir. Ct. Mercer Co. Sept. 22, 2004), and *Mitchell v. Tygart Valley Regional Jail*, Case No. 06-C-700 (Cir. Ct. Mercer Co. Sept. 22, 2006), which was obtained from the Mercer County Circuit Clerk's Office by the staff of the undersigned.

[4] On January 12, 2005, Petitioner filed a Motion for Reconsideration of Sentence, which was subsequently denied by the Circuit Court. Petitioner filed two additional Motions for Reconsideration of Sentence, which were denied by the Circuit Court on May 19, 2005, and May 26, 2006. On September 29, 2006, Petitioner filed a "Motion to Quash the Indictment, Set Aside Guilty Plea, and Dismiss Charges," which has not been ruled upon by the Circuit Court.

in the SCAWV seeking *habeas* relief based upon claims of ineffective assistance of counsel. The West Virginia Supreme Court of Appeals refused his Petition on November 2, 2006.[5] State ex rel. Mitchell v. E.I. Wensell, Administrator, No. 062286 (W.Va. Nov. 2, 2006).

On August 26, 2006, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County. Mitchell v. Tygart Valley Regional Jail, Case No. 06-C-700 (Cir. Ct. Mercer Co. Sept. 22, 2006). Petitioner raised the following grounds for *habeas* relief: (1) Denial of the initial right to counsel; and (2) Ineffective assistance of counsel. (Document No. 1, p. 2.) By Order entered on September 22, 2006, the Circuit Court of Mercer County denied his Petition. (Id.) Petitioner did not file an appeal of the Circuit Court's denial to the West Virginia Supreme Court of Appeals.

On November 30, 2006, Petitioner, proceeding *pro se*, filed a further Petition for Writ of *Habeas Corpus* in the West Virginia Supreme Court of Appeals.[6] State ex rel. Mitchell v. E.I. Wensell, Administrator, No. 063270 (W.Va. Jan. 10, 2007). Petitioner raised the following grounds for *habeas* relief: (1) Ineffective assistance of counsel; (2) Breach of plea agreement; (3) Failure to grant downward departure in sentence; (4) Illegal arrest; (5) Untimely indictment; and (6) Conviction obtained in violation of his Fifth Amendment right against self-incrimination. (Document No. 1, p. 3.) The West Virginia Supreme Court of Appeals refused his Petition on January 10, 2007. (Id.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed

---

[5] *See* http://www.state.wv.us/wvsca/calendar/nov2_06w.htm

[6] *See* http://www.state.wv.us/wvsca/calendar/jan11_07w.htm

within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[7] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner did not file a direct appeal of his conviction in the West Virginia Supreme Court of Appeals, and therefore, his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review, on January 22, 2005 (four months after Petitioner was

---

[7] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

convicted and sentenced in the Circuit Court of Mercer County).[8] Accordingly, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[9] the 28 U.S.C. § 2244(d)(1) one-year period of limitation began to run on January 23, 2005, and would run unless and until Petitioner sought post-conviction relief in the State Courts or it expired. If and when Petitioner sought *habeas* relief in the State Courts within the one-year period after January 23, 2005, the running of the period of limitation would be tolled and begin running again when Petitioner's *habeas* proceedings were concluded. If Petitioner did not seek *habeas* relief in the State Courts within the one-year period after his conviction became final (January 23, 2005), the period would expire and he would lose the opportunity to seek *habeas* relief in the Federal District Court on January 22, 2006, unless circumstances permitted the equitable

---

[8] Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure provides:

(3) Time for Petition for Appeal. - A petition must be filed with the clerk of the circuit court where the judgment, decree or order being appealed was entered within four months of the entry of the circuit court order. The appeal period may be extended, upon request of the appealing party, within four months of the order appealed from for the purpose of preparing a transcript or for good cause, for a period or periods not to exceed a total of two months. When an appeal by the state is authorized by statute, the petition for appeal shall be filed with the clerk of the circuit court within 30 days after entry of judgment or order appealed from.

[9] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

(a) **Computing Time**. The following rules apply in computing any time specified in these rules or in any local rule, court order, or statute:
> (1) Day of the Event Excluded. Exclude the day of the act, event, or default that begins the period.
> (2) Exclusions from Brief Periods. Exclude intermediate Saturday, Sundays, and legal holidays when the period is less than 11 days.
> (3) Last Day. Include the last day of the period unless it is a Saturday, Sunday, or legal holiday, or – if the act to be done is the filing of a paper in court – a day on which the weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

tolling of the period of limitation.

Petitioner filed three State *habeas* Petitions. First, Petitioner filed a *habeas* Petition in the West Virginia Supreme Court of Appeals on August 16, 2006, over six months after the 28 U.S.C. § 2244(d)(1) one-year period of limitation expired. Next, Petitioner filed a *habeas* Petition in the Circuit Court of Mercer County on August 26, 2006. Petitioner filed his final *habeas* Petition in the West Virginia Supreme Court of Appeals on November 30, 2006. Accordingly, the one-year limitation period clearly expired prior to Petitioner filing a State *habeas* Petition. Since Petitioner did not file a State *habeas* Petition prior to January 22, 2006, the one-year limitation period was not tolled. Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Harris, 209 F.3d at 328-31. The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Id. at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control. Id.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. Petitioner

contends that his Petition is untimely because "Petitioner was exhausting all applicable State remedies and collateral attacks as required by this Honorable Court."[10] (Document No. 1, p. 44.) The above statement, however, reveals an apparent misunderstanding of the statutory limitation period. This misunderstanding, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed nearly one year and eight months after the Section 2244(d) one-year period expired. The undersigned further notes that Petitioner's first State *habeas* Petition was filed nearly seven months after the Section 2244(d) limitation period expired. Accordingly, Petitioner's Section 2254 Petition must be denied as untimely.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 2.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1.), and remove this matter from the Court's docket.

---

[10] Furthermore, the undersigned notes that Petitioner does not appear to have fully exhausted his State remedies. It is well established in this jurisdiction that "unless with prejudice, summary dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court will not satisfy exhaustion requirements." *Moore v. Kirby*, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); *see also*, *McDaniel v. Holland*, 631 F.Supp. 1544, 1546 (S.D.W.Va. 1986).

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Dated: August 6, 2009.

R. Clarke VanDervort
United States Magistrate Judge